MERRELL–SOULE CO. v. STAR CO.

(Circuit Court of Appeals, Second Circuit. January 16, 1908.)

No. 100.

PATENTS—INVENTION—MASK.

    The Merrell patent, No. 727,173, for a mask made from a flat blank having interlocking devices of well-known forms at the top and bottom to hold it in place, is void for lack of invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 153 Fed. 762.

H. P. Denison, for appellant.

H. A. West, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an action for infringement of letters patent, No. 727,173, to Gaius L. Merrell, assignor to complainant, for improvements in masks, the claims relied upon being the first and fifth.

    "1. A mask having ears and provided on inner and outer sides of each ear with interlocking flaps, whereby the top portion of the mask is held down substantially as set forth."

    "5. A mask provided at the top with ears and with interlocking top flaps holding the top portion down and having at its lower end interlocking muzzle flaps substantially as set forth."

These claims are specifically for a mask with interlocking devices at top and bottom by which it is made to conform to the human head. The specifications state:

    "This invention has for its object to produce in a simple and inexpensive way from a flat blank a shaped mask which is suitable for the amusement of children. This improved mask is formed of a flat blank of pasteboard or similar flexible material provided in suitable places with interlocking flaps, which draw the blank together at these points and impart the desired shape to the same."

Masks have been used from time immemorial, and a flat mask of flexible material is covered by letters patent No. 211,675 to Antone Weidmann. Patents too numerous to mention have been put in evidence covering interlocking devices to make various forms such as boxes, dishes and caps out of flat flexible material. Conceding that the plaintiff was the first to apply these old interlocking systems to an

old flat mask of flexible material, we discover no invention in his doing so, but only the capacity of a skilled mechanic addressing himself to the particular problem in question. The decree is affirmed, with costs.